FOLKMAN LAW OFFICES, P.C.
By:   Benjamin Folkman, Esquire
        benfolkman@folkmanlaw.com
       Paul C. Jensen, Jr., Esquire
        pauljensen@folkmanlaw.com
135 S. 19th Street, Suite 200
Philadelphia, Pennsylvania 19103
(215) 561-4848
(215) 561-0455 (fax)                    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN BROS. WHOLESALE DISTRIBUTORS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH SHOTT, <br><br> Defendant. | Civil Action No.: 17-3648 (NIQA) <br><br><br><br><br><br> **DECLARATION OF BRIAN T. WOLFINGER PURSUANT TO 28 U.S.C. § 1746** |

I, Brian T. Wolfinger, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Principal of Wolfinger Forensics, LLC, a computer forensics IT firm located at 103 Gift Circle, North Wales, Pennsylvania 19454. The most recent version of my curriculum vitae is annexed hereto as **Exhibit "A"**.

2. On or about May 8, 2017, my firm was retained by Allen Bros. Wholesale Distributors, Inc ("Allen Bros.") to perform data collection and digital forensics services in connection with Allen Bros.'s investigation into the digital activities of Joseph Shott. At that time, it was my understanding that Mr. Shott's access to Allen Bros.'s computers and networks had ceased.

3. Once retained, my firm performed the following tasks:

    a. Forensic collection of the desktop computer used by Joseph Shott at Plaintiff's headquarters;

    b. Forensic collection of Mr. Shott's company email box from Allen Bros.'s current email host, Office 365, a cloud-based email system;

    c. Forensic collection of Mr. Shott's folder on Allen Bros.'s shared drive;

    d. Forensic collection of historical email from Allen Bros.'s legacy server; and

    e. Forensic collection of the historical network folder of Mr. Shott from a backup.

4. After forensic collection, my firm analyzed these sources in order to determine whether there had been a removal of data from the data storage locations under Mr. Shott's control, i.e., his company email account and his folder on the shared drive.

5. In addition, my firm analyzed the desktop computer in order to determine whether removable storage devices had been attached to the desktop computer.

6. As a result of the above collection and analysis, my firm determined that large volumes of data had been deleted from Mr. Shott's company email and network storage locations prior to his access to same having ceased. It appears that this deleted data was relating to Allen Bros. and its business, rather than personal information of Mr. Shott.

7. In addition, my firm determined that a number of USB removable storage devices had been connected to the desktop computer. While this in and of itself is not unusual, it presents the distinct possibility that information belonging to Allen Bros. was transferred to these devices, that Mr. Shott removed these devices from the Allen Bros. premises, and that these devices and the information thereupon remain in the possession, custody, or control of Mr. Shott.

-3-

8. The foregoing statements are true and correct to the best of my knowledge, information, and belief, and I make them on the basis of my personal knowledge.

Executed this 22nd day of August, 2017.

By: _____
BRIAN T. WOLFINGER